UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIA ROBINSON, et al.,<br><br>Defendants. | Case No. 15-cv-03614-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Plaintiff brought this state law unlawful detainer action against Defendants Antonia Robinson, Gary Robinson, and a number of Doe defendants in the Superior Court of California for the County of Alameda. Defendant Mary Allen, presumably one of the Does and proceeding pro se, removed this action from Alameda County Superior Court. (Dkt. No. 1.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Allen does not allege diversity jurisdiction. Even if she had, however, she has not

established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $25,000. (Dkt. No. 1 at 3.) Instead, Allen asserts that federal question jurisdiction exists under the Protecting Tenants from Foreclosure Act, 12 U.S.C. §§ 5201-5241. (*See id.* at 1.) "The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction." *U.S. Bank Nat'l Ass'n v. Gilliam*, No. C-12-00837 YGR, 2012 WL 1067669, at *1 (N.D. Cal. Mar. 28, 2012) (citations omitted); *see also Bank of N.Y. v. Guevara-Martinez*, No. C-11-5474 CW, 2012 WL 50077, at *1 (N.D. Cal. Jan. 9, 2012) (holding that because the only possible federal issue involved a defense under the PTFA, federal question jurisdiction is lacking); *Aurora Loan Servs. LLC v. Torres*, No. C-11-3061 EJD, 2011 WL 455158, at *1 (N.D. Cal. Sept. 30, 2011) (same). Therefore, the Court does not have subject matter jurisdiction over this action based on the PTFA.

Moreover, even were Allen's contentions as to federal jurisdiction maintainable, removal may still be improper because it is not clear whether all Defendants acquiesced to removal as required. *See Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (all defendants must join in the application for removal).

In light of the foregoing, the Court **ORDERS** Allen to SHOW CAUSE as to why this action should not be remanded to state court. Allen shall respond to this Order in writing by **August 24, 2015**. Failure to respond will result in remand of this case to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: August 12, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge